**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| VALENCIA MORRIS, § | | |
| Individually and on behalf of all others § | | |
| similarly situated, § | | |
| Plaintiff, § | | |
| § | C.A. NO. 4:22-cv-142 | |
| v. § | | |
| § | | |
| U.S. BANCORP, et al, § | | |
| § | Jury Demanded | |
| Defendant. § | | |

## CLASS ACTION COMPLAINT – JURY DEMANDED

1. Defendant U.S. Bancorp / U.S. Bank National Association ("US") routinely and systematically breaches uniform covenants in standard deeds of trust and violates the Texas Debt Collection Practices Act ("TDCPA") by assessing fees to borrowers that are either not authorized by or expressly prohibited by their mortgage agreements.

2. US is the fifth largest banking institution in the United States and one of the largest mortgage servicers of residential mortgages in the country.

3. Any time a borrower makes a mortgage payment to US online or over the phone, US charges the borrower a fee ranging from $3.50–8.00 ("Pay-to-Pay fees").

4. Charging this fee violates provisions of the TDCPA and the express terms of the uniform covenants in standard deeds of trust and mortgage agreements, including the uniform covenants in Plaintiff Valencia Morris' standard deed of trust.

5. Charging this fee also violates the violations of the Texas Fair Debt Collection Act ("TDCA")

6. Plaintiff Valencia Morris has a mortgage that is serviced by US.

7. Plaintiff has incurred multiple fees ranging from $3.50 to $8.00 per transaction for making her mortgage payments online or over the phone.

8. On behalf of themselves and all similarly situated Texas borrowers, Plaintiff seeks injunctive relief and damages against US for its violations of the TDCPA and breaches of contract.

**PARTIES**

9. Plaintiff is a citizen of the State of Texas.

10. Plaintiff Valencia Morris is a citizen of the State of Texas.

11. Defendant U.S. Bancorp is an American bank holding company based in Minneapolis, Minnesota, and incorporated in Delaware.

12. Defendant U.S. Bank registered agent is Corporation Trust Company in Wilmington, DE.

**JURISDICTION AND VENUE**

13. Because US maintains its principal place of business in the State of Texas, its contacts here are systematic and continuous such that it is subject to general personal jurisdiction in this State.

14. Venue is proper in this District because a substantial part of the events giving rise to the claims in this action occurred in Corpus Christi, Nueces County, Texas.

15. Minimal diversity exists in this action because members of the proposed Class are citizens of States other than Texas. 28 U.S.C. § 1332(d)(2)(A). Furthermore, on information and belief, the amount in controversy, exclusive of costs and interest, exceeds $5,000,000.00.

16. US is one of the largest mortgage lenders in the United States. The Classes in this lawsuit are believed to consist of hundreds of thousands of members.

**THE LEGAL FRAMEWORK The Texas Debt Collection Practices Act**

17. The Texas Debt Collection Practices Act prohibits a debt collector from "us[ing] unfair or unconscionable means" in the collection of a consumer debt. Tex. Fin. Code § 392.303(a).

18. US is a *debt collector* under the TDCPA because it is "a person who directly or indirectly engages in debt collection . . .." *Id.* at § 392.001(6).

19. US engages in *debt collection*, which the TDCPA defines as "an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor." *Id.* at § 392.001(5).

20. A *consumer debt* under the TDCPA is "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." *Id.* at § 392.001(2).

21. As "an individual who has a consumer debt," each Plaintiff is a *consumer* under the TDCPA. *Id.* at § 392.001(1).

22. As alleged below, the Pay-to-Pay fees US charged are not authorized by Plaintiff's deed of trust—or, indeed, any standard mortgage or deed of trust.

23. By charging those fees, US employed the unfair and unconscionable practice of "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, or expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer[.]" *Id.* at § 392.303(a)(2).

**PLAINTIFFS' ALLEGATIONS**

**Plaintiff Valencia Morris**

24. On or about November 19, 2014, Plaintiff executed a note to purchase her home in Corpus Christi, Texas, and secured it with a Deed of Trust, which is attached to this Complaint as Exhibit 1.

25. Since at least April of 2017, Plaintiff has made her monthly mortgage payments online or over the phone.

26. Each time she makes an online payment, US charges her an illegal fee of $5.00 in addition to her monthly mortgage payments.

27. On information and belief, only a small fraction of the fee is paid to a third-party payment processor, and USB collects the remainder as profit.

28. Federal debt collection law prohibits the collection of any amount incidental to the principle obligation unless that amount is expressly stated in the loan agreement. *See* 15 U.S.C. § 1692f(1) (making unlawful the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" (emphasis added)). US's collection of Pay-to-Pay fees violated both the FDCPA and Texas Debt Collection Practices Act.

29. To the extent that US claims there is any allowance of fees to be charged the Deed of Trust, those charges are limited to charges associated with a borrower's default. Even if the Pay-to-Pay fees were default related fees, which they are not, US's demand for payment of Pay-to-Pay fees is a direct breach of the Deed of Trust, "Protection of Lender's Interest in the Property and Rights Under This Security Instrument," which states that only "amounts *disbursed* by Lender under this Section 9 shall become additional debt of Borrower." Ex. 1, ¶9 (emphasis added). US collected more than the amount it disbursed to Western Union to process the Pay-to-pay Transactions.

30. Prior to filing this Complaint, Plaintiff made a written pre-suit demand upon US seeking refunds of these illegal fees on behalf of herself and other Texans and demanding US cease charging these illegal fees.

31. US offered to refund the amounts Plaintiff had paid as of August 27, 2019 but refused to tender refunds to other Texas borrowers or to cease its illegal practices. Ms. Morris rejects US's inadequate tender of a cure.

**CLASS ALLEGATIONS**

32. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, adequacy, and predominance requirements of Rule 23(a).

33. Plaintiff seeks certification of the following class ("Class"):

> All persons in the United States (1) with a Security Instrument on a property located in the State of Texas, (2) that is or was serviced by US, (3) who were charged a

    Pay-to-Pay fee, and (4) whose Security Instrument did not expressly allow for the charging of a Pay-to-Pay fee.

34. Plaintiffs reserve the right to modify or amend the proposed class definitions before the Court determines whether certification is appropriate.

35. Excluded from the Class are Defendant, and Defendant's parents, subsidiaries, affiliates, officers and directors, any entity in which Defendant has a controlling interest, all mortgagors who make a timely election to be excluded, governmental entities, and all judges assigned to hear any aspect of this litigation, as well as their immediate family members, and members of the staffs of the judges to whom this case should be assigned.

36. The members of the Class are so numerous that joinder is impractical. While the exact number of members of the Classes cannot be determined without discovery, Plaintiffs believe that the Classes consist of at least thousands of members, the identity of whom, upon information and belief, can be readily determined upon review of records maintained by Defendant. The claims of the representative Plaintiffs are typical of the claims of the Class in that the representative Plaintiff was charged fees that violate Texas law. As such, the factual basis of US's misconduct is common to all members of the Class.

37. There are numerous questions of law and fact common to the Class and those common questions predominate over any questions affecting only individual members of the Classes.

38. The predominating common questions of law and fact include:

    a. Whether charging Pay-to-Pay fees violates the Texas Debt Collection Practices Act;

    b. What is the proper method or methods by which to measure damages caused by US's violations of the TDCPA.

39. Plaintiff's claims are typical of the claims of other members of the Class, in that they arise out of the same acts by US, namely assessing fees to borrowers that are not permitted by contract or by Texas law. Plaintiff has suffered the harms alleged and have no interests antagonistic to the interests of any other member of the Class.

40. Plaintiff is committed to the vigorous prosecution of this action and have retained competent counsel experienced in the prosecution of class actions and, in particular, class actions on behalf of consumers and against financial institutions. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the members of the Class.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the amount of each Class member's claims are small relative to the complexity of the litigation, and due to the financial resources of US, no member of any Class could afford to seek legal redress individually for the claims alleged herein. Therefore, absent a class action, the members of the Class will continue to suffer losses and US's misconduct will proceed without remedy.

42. Even if members of the Classes could afford such individual litigation, the court system could not. Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court. Individualized litigation would also create the potential for inconsistent or contradictory rulings. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

43. Alternatively, certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because it is clear that declaratory and injunctive relief is appropriate respecting the Class as a whole.

## CLAIMS FOR RELIEF

### COUNT I:
### Violation of the Texas Debt Collection Practices Act (Plaintiff on behalf of the TDCPA Class)

44. Plaintiffs incorporate paragraphs 1 through 49.

45. Plaintiff's Deed of Trust secured the note they took out to purchase her home in the State of Texas, and each Plaintiff is therefore, under the TDCPA, a "consumer" who took out a "consumer debt."

46. US is a "debt collector" under the TDCPA.

47. In the process of "debt collection," US charged Plaintiffs Pay-to-Pay fees that were incidental to their debt obligations and were not expressly authorized by the agreements creating the obligation.

48. As such, US employed unfair and unconscionable means in the collection of a consumer debt, in violation of the TDCPA.

49. On behalf of the Class, Plaintiffs seek an injunction restraining US from charging Pay-to-Pay fees and actual damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and others similarly situated, respectfully request that this Court:

A. Determine that this action may be maintained as a class action under Fed. R. Civ. P. 23, that Plaintiff is a proper class representative and that their counsel are appointed Class Counsel;

B. Award compensatory damages and restitution in the amount of all Pay-to-Pay fees, and interest on those fees, improperly charged to members of the Classes;

C. Award actual damages in an amount according to proof;

D. Award injunctive relief requiring Defendant to cease collection of all improperly charged fees that have been charged to, but not yet paid by, Plaintiffs and members of the Classes;

E. Award injunctive relief to restrain Defendant's wrongful acts and further violations of Plaintiff's and the Class members' rights, including but not limited to requiring Defendant to implement procedures to ensure it ceases charging the improper fees identified in this Complaint;

F. Award pre-judgment interest at the maximum rate permitted by applicable law;

G. Enter a declaratory judgment that Defendant, through its wrongful actions, has kept and continues to keep for itself, benefits that are due and owed to Plaintiffs and members of the Classes;

H. Award reasonable attorneys' fees and costs pursuant to applicable law; and

I. Award such other relief as this Court deems just and proper.

/s/ Sonya Butts

Sonya Butts
Attorney-in-Charge
Texas Bar No: 24103765
So. Dist. No. 3470167
340 N Sam Houston Parkway E,
Suite A110X
Houston, TX 77060
(346)202-4390
(832)200-1559 (fax)
sbutts@advocateattorneys.com

John Habashy
Of Counsel
Lexicon Law
633 W. 5th St, 28th Flr
Los Angeles, CA 90071

Marc Bradley
Of Counsel
Bradley Grombacher, LLP
31365 Oak Crest Dr., Suite 240
Westlake Village, CA 91361

ATTORNEYS for PLAINTIFFS