Case 4:22-cv-00142   Document 19   Filed on 05/16/22 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
May 16, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VALENCIA MORRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-22-142 |
| | § | |
| US BANCORP, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Valencia Morris sued U.S. Bancorp under the Texas Debt Collection Practices Act, alleging that when she makes mortgage payments online or over the phone, she is charged a fee ranging from $3.50 to $8.00. (Docket Entry No. 1 at ¶¶ 1, 3, 6, 44–49). Morris seeks certification of a class of similarly situated individuals, defined as:

> All persons in the United States (1) with a Security Instrument on a property located in the State of Texas, (2) that is or was serviced by US, (3) who were charged a Pay-to-Pay fee, and (4) whose Security Instrument did not expressly allow for the charging of a Pay-to-Pay fee.

(*Id.* at ¶¶ 32–43). She asserts that the court has subject-matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A). (*Id.* at ¶ 15).

U.S. Bancorp, identifying itself as U.S. Bank National Association, moved to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction and under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (Docket Entry No. 17). Morris did not respond.

U.S. Bank has submitted a declaration stating that: (1) U.S. Bank maintains records of its loan payments and fees; (2) Morris did incur "convenience fees" ranging from $5 to $11, totaling $114; (3) the records belonging to the entirety of the proposed class show that the "total amount

of Convenience Fees collected from borrowers with mortgage loans serviced by U.S. Bank and secured by real properties in Texas since January 13, 2018 is $2,194,854.19."[1] (Docket Entry No. 17-1 at 2–3). Morris did not respond to, much less dispute, the declaration.

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case." *M.J.L. v. McAleenan*, 420 F. Supp. 3d 588, 593 (W.D. Tex. 2019) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Lack of subject matter jurisdiction may be found in any one of three instances: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *King v. U.S. Dept. of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013) (citation omitted). The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

The Class Action Fairness Act "extends federal jurisdiction to certain large class action lawsuits." *Arbuckle Mountain Ranch of Texas, Inc. v. Chesapeake Energy Corp.*, 810 F.3d 335, 337 (5th Cir. 2016). Under the Class Action Fairness Act, a federal court has jurisdiction if "the proposed class is at least 100 members, minimal diversity exists between the parties, the amount in controversy is greater than $5,000,000, and the primary defendants are not states, state officials, or other government entities." *Id.* (citing 28 U.S.C. § 1332(d)(2), (5)).

---

[1] Morris did not identity a class period, but as U.S. Bank points out, the maximum possible limitations period for this action is four years. *See Lambert v. Ocwen Loan Serv., LLC*, No. 4:14–CV–3167, 2015 WL 1246953, at *3 (S.D. Tex. Mar. 17, 2015) (applying two-year limitations period to action under Texas Debt Collections Practices Act); *but see* TEX. CIV. PRAC. & REM. CODE § 16.051 (providing four-year limitations period for actions that do not have an express limitations period). January 13, 2018, is four years before Morris filed her complaint on January 13, 2022.

The undisputed record evidence shows that the amount in controversy does not exceed $2,194,854.19, which is well below the $5,000,000 amount in controversy required for subject-matter jurisdiction under the Class Action Fairness Act.

Morris has not met her burden of demonstrating the court's subject-matter jurisdiction. U.S. Bank's motion to dismiss, (Docket Entry No. 17), is granted. Morris's claims are dismissed without prejudice.

SIGNED on May 16, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge